WALTER RAY, *Appellant,* v. WILLIAMS PHOSPHATE COM-PANY, AND JOHN TRICE AS RECEIVER OF THE ST. PETERS-BURG STATE BANK, *Appellees.*

1.  A master's deed under foreclosure proceedings in one Circuit will not be declared void in another Circuit in behalf of one not a party, but who had actual knowledge of the proceedings prior to the sale, upon allegations of fraud as between the original parties, jurisdictional facts appearing in the former case.

2.  One court of equity should not enjoin a party from proceeding in another court of equity of equal and co-ordinate jurisdiction, merely because of convenience.

3.  As between courts of co-ordinate power, the one first acquiring jurisdiction of the subject matter should as a general rule be permitted to retain it to the end.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* and *H. M. Hampton,* for Appellant;

*E. R. Gunby* and *M. G. Gibbons,* for Appellees.

COCKRELL, J.—Upon the return of this case, 55 Fla. 723, 46 South. Rep. 158, the bill was amended and a demurrer thereto sustained, from which this appeal is taken.

The bill as now before us prays the Judge of the Fifth Judicial Circuit to cancel a deed of sale made and confirmed under a decree of foreclosure and sale rendered by the Judge of the Sixth Judicial Circuit, because of fraud upon the latter's jurisdiction; it is alleged that a bill of complaint was filed in 1895 in Pasco County within the Sixth Circuit to enforce a mortgage lien given by the Globe Phosphate Company to the St. Petersburg State Bank as Trustee, upon which a final decree was entered in 1902; that Ray purchased the lands named in the mortgage taking possession in 1901, without actual or constructive knowledge of the foreclosure proceedings, and was not made a party thereto; that the mortgage was collusive and void by reason of certain acts of one Bishop who was president of the phosphate company and the bank; that all the lands named in the mortgage lie in the Fifth Circuit, but that to confer ostensible jurisdiction on the Judge of the Sixth Circuit advantage was taken of a provision in the mortgage covering after acquired property in that Bishop out of his personal funds procured a conveyance of a half interest in a small tract of land in Pasco county to the corporation mortgagor.

Exactly when Ray learned of the proceedings is not shown, but it does appear that he knew of them before

the sale took place and notified Trice of his adverse holding. No attempts were had in that suit to stop the sale or to show fraud in fact upon the court's jurisdiction; it cannot now in view of the admitted facts be argued that upon the face of the record the Judge of the Sixth Circuit had not jurisdiction to enter the decree that was entered and with the actual knowledge then possessed by Ray, he should have applied to that forum for relief.

We need not now concern ourselves with the *lis pendes* statute. As incidental to the prayer that the master's deed be declared null and void, the bill alleges an abortive attempt to sue out a writ of assistance and a fear that other attempt will be made. This is not a case where a court of equity is asked to enjoin an action at law, but where one court of equity is asked in effect to enjoin a party from proceeding in another court of equity of equal coordinate and prior jurisdiction, merely because of physical convenience.

The general rule is, as between courts of co-ordinate power, the first acquiring jurisdiction of the subject-matter is permitted to retain it to the end and there is not sufficient showing here to justify an exception to that rule.

The order is affirmed.

WHITFIELD, C. J., and TAYLOR, HOCKER and PARKHILL, J. J., concur;

SHACKLEFORD, J., disqualified.

Petition for rehearing in this case denied.