MADDOX GROCERY COMPANY, A CORPORATION, *Plaintiff in Error*, v. L. E. HAY, RECEIVER, AND CARR BROTHERS, A COPARTNERSHIP, COMPOSED OF J. A. CARR AND A. S. CARR, SOMETIMES TRADING AS LIBERTY NAVAL STORES COMPANY, *Defendants in Error.*

Opinion Filed May 20, 1924.

This case was decided by Division B.

1. An order dissolving an ancillary attachment is a final judgment at law, to review which a writ of error lies.

2. A court which has in its rightful possession or under its control property involved in litigation may exercise jurisdiction over such property to the exclusion of all other courts, and another court of concurrent jurisdiction cannot interfere and wrest from it the jurisdiction first obtained.

A Writ of Error to the Circuit Court for Franklin County; E. C. Love, Judge.

Affirmed.

*Guyte P. McCord* and *Fred H. Davis*, for Plaintiff in Error;

*W. J. Oven,* for Defendant in Error.

WEST, J.—To review the following order entered in this cause writ of error was taken from this court:

"That the Sheriff of Franklin County, Florida, be and he is hereby directed to forthwith deliver to the said L. E. Hay, as Receiver, all of the properties of Carr Brothers

in Franklin County, Florida, seized by him, the said Sheriff of Franklin County, Florida, and that the Sheriff of Liberty County, Florida, be and he is hereby directed to forthwith deliver to the said L. E. Hay, as Receiver, all of the properties of said Carr Brothers in Liberty County, Florida, seized by the said Sheriff in Liberty County, Florida, and that they, and each of them do take the receipt of said Receiver for the said property so seized and delivered to him and file the same with the Clerk of the Circuit Court of Franklin County, Florida.''

Construed as a final determination of the attachment proceeding, this order is such a final judgment as may be reviewed by writ of error. Williams v. Hutchinson, 26 Fla. 513, 7 South. Rep. 852; Jeffreys v. Coleman, 20 Fla. 536.

The transcript of the record contains no bill of exceptions. The findings of the trial court, therefore, upon material facts must be accepted as true. From the order it appears that the court found ''that the District Court for the Northern District of Florida had taken jurisdiction of the *res* prior to the issuance and levy of the writ of attachment in this cause, and that subsequently by the decree of June 3rd, 1922, the said District Court of the United States directed the receiver appointed by it to take possession of said properties; and that the writ of attachment issued in this cause was issued on the 18th day of May and executed by seizure of the said properties of said Carr Brothers by the Sheriff of Franklin County, Florida, in said county on May 19th, 1922, and by the Sheriff of Liberty County, Florida, by the seizure of the properties of said Carr Brothers in Liberty County, Florida, on May 25th, 1922; and that this court being of the opinion that jurisdiction of the District Court of the

United States, by reason of the facts submitted, was prior to that of the Circuit Court of Franklin County, Florida.''

It is a familiar principle that as between courts of coordinate jurisdiction, the one first acquiring jurisdiction of the subject-matter should, as a general rule, be permitted to retain it. Ray v. Williams Phosphate Co., 59 Fla. 598, 52 South. Rep. 589. And a court which has in its rightful possession or under its control property involved in litigation may exercise jurisdiction over such property to the exclusion of all other courts, and another court of concurrent jurisdiction cannot interfere and wrest from it the jurisdiction first obtained. 15 C. J. p. 1140; Farmers' Loan & Trust Co. v. Lake St. R. R. Co., 177 U. S. 51; McKinney v. Landon, 209 Fed. 300; Mound City Co. v. Castelman, 187 Fed. 921; Richmond v. Consolidated Gas Co., 100 N. Y. Sup. 81; State v. Fredlock, 52 W. Va. 232, 43 S. E. Rep. 153; Ryan v. Donley, 69 Neb. 623, 96 N. W. 234. As to when and under what circumstances the jurisdiction of the first court does in fact attach so as to give it exclusive control of the property sought to be subjected, there is a contrariety of opinion. But in this case that question is not presented. The court below found the fact to be that ''the District Court for the Northern District of Florida had taken jurisdiction of the *res* prior to the issuance and levy of the writ of attachment in this cause.'' Upon what showing this finding of fact is based, this court is not informed. In the oral argument it was stated that one of the objects of the suit in the Federal Court was to enforce an asserted lien against the property, and that an order enjoining its sale or disposition had been entered prior to the attachment of this action.

Accepting as true, as we must, the finding of fact of

the trial court, an application of the principle announced requires an affirmance of the judgment.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.