MADDOX GROCERY CO. v. ST. JOSEPH LAND & DEVELOPMENT CO. et al.

Circuit Court of Appeals, Fifth Circuit.
February 25, 1928.

Rehearing Denied March 17, 1928.

No. 5217.

1. Landlord and tenant ⬤═242—Lease of right to turpentine trees on described land, with right to erect stills, cut timber, etc., held "lease of land," as regards right to landlord's lien (Rev. Gen. St. Fla. 1920, § 3556).

A lease of the right to extract turpentine from the trees on described land of lessor, with right of way over the land, the right to erect stills and storage houses thereon, and to cut timber for manufacturing and barreling the products, held a "lease of land," within Rev. Gen. St. Fla. 1920, § 3556, providing for landlord's lien.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lease.]

2. Landlord and tenant ⬤═248(2)—Landlord's lien for share of net profits as rental held subject to payment for supplies furnished to lessee, which contributed to that profit (Rev. Gen. St. Fla. 1920, § 3556).

Where a lease of the right to extract turpentine from trees on described land reserved as rental an annual cash rent, and also one-half the net profits of operation, including sales of commissary stores, under Rev. Gen. St. Fla. 1920, § 3556, the lien of lessor on property of lessees on the premises, other than products of the land, as respects its share of net profits for a year, held subject to the right of one furnishing commissary stores to lessee for that year to payment therefor.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit in equity by St. Joseph Land & Development Company against Carr Bros., with the Maddox Grocery Company as intervener. From a decree awarding the entire proceeds of sale of property of defendants to complainant, intervener appeals. Reversed and remanded.

Fred H. Davis and Guyte P. McCord, both of Tallahassee, Fla., for appellant.

Phillip D. Beall, of Pensacola, Fla., and W. J. Oven, of Tallahassee, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee, the St. Joseph Land & Development Company, being the owner of a large body of land lying in the counties of Liberty and Franklin, state of Florida, leased to Carr Bros., "for the purpose of extracting turpentine and rosin therefrom, all of the pine timber suitable for turpentine purposes, * * * more particularly described as follows, to wit." Then follows a description of the land. The lessor reserved from the lands so described an existing railroad right of way and such other railroad or tramroad rights of way as had been or should be granted by it. The lessees were given, "in addition to the rights to box for turpentine purposes, the right to enter in, upon, or over and across said lands, or any part of said lands, to box, work, use, and cultivate for turpentine purposes the aforesaid described timber, for the purpose of producing rosin and spirits of turpentine," the right to erect "storehouses, storage places, turpentining distilleries, and other places necessary" to be used on the land, and "to cut wood and building and barreling timber from its said lands necessary to be used in the manufacturing and barreling of the turpentine and rosin products." And the lessor agreed to warrant and defend the lessees "in the possession of the above-described lands and premises." The lessor reserved an annual rent of $250 per crop of 10,500 boxes and one-half of the net profits derived from the sale of turpentine and rosin and other products from all sources connected with working and cultivating the timber, including commissary stores. The rent was made payable on the 1st days of January and April during the life of the lease.

This suit was brought in the federal Dis-

trict Court by appellee against Carr Bros. to enforce the payment of rent, and prayed for an accounting of net profits for the years 1920 and 1921, and a part of the year 1922, for an injunction to prevent the sale of all turpentine products on hand, and of all property usually kept on the leased premises, and for the appointment of a receiver. The court took jurisdiction and issued an injunction at once, and within a few days appointed a receiver. After the injunction was issued, but before the receiver was appointed, the Maddox Grocery Company, appellant here, sued out a writ of attachment in the state court, which was levied upon property on the land described in the lease, including naval stores, turpentine stills, live stock, and commissary stores. The state trial court, upon having the prior proceedings in the federal District Court called to its attention, entered an order requiring the sheriff, who had levied the attachment, to surrender all property seized by him to the federal court receiver. That order was affirmed on appeal to the Supreme Court of Florida. Maddox Grocery v. Hay, 87 Fla. 492, 100 So. 747. Thereupon the grocery company intervened in this suit, and it is agreed that Carr Bros., lessees, are indebted to it in the sum of $2,632.21, with interest, upon an open account, which had been reduced to judgment, for commissary supplies furnished between November 1, 1920, and May 5, 1922. The receiver sold the assets of the lessees, deposited the proceeds, less expenses of operation, in the registry of the court, and was discharged. The balance due the lessor on an accounting of net profits is not shown, though it is agreed that the net profits earned in 1920 amounted to upwards of $12,000.

The fund in the registry of the court is sufficient to pay in full the balance due on the fixed annual rent of $250 per crop, and in part only the claim of appellant for commissary supplies, or the claim of appellee for half the net profits earned by the lessees. The final decree adjudges that appellee has a lien for rent, including both the fixed amount of $250 per crop and half the net profits, and orders that lien satisfied in full, or as far as the fund in court would go, in preference to appellant's claim or judgment.

[1] The argument for reversal of the decree is to this effect: That the lease was a lease of trees, not of land; that, as the trees were the leased premises, appellee's lien for rent attached only to the naval stores taken out of them by work and cultivation, and to the crops, tins, and gutters attached

thereto; that there was no lien for rent, except for the current year; that the lien of the attachment was not removed by the order of the state court, but the only effect of that order was to surrender possession of the property levied on to the federal court; and that, as there could be no net profits until expenses of operation were paid, appellant's claim for commissary supplies, which was made up of items of expense, should at least have priority over appellee's claim based on net profits. The lease is not in the usual form of a lease of timber land for turpentine purposes, but the land is particularly described, and the right is granted to enter upon, to erect the necessary houses and distilleries, and to cut wood off of it; rights of way are reserved, and the lessor agrees to warrant and defend the lessees in their possession of the land. There is no right granted in the usual form of lease that is not contained in this lease.

[2] One who leases real property is given by statute a lien for rent upon agricultural products raised on the land leased for the current year, which is superior to all other liens, though of older date, and a lien upon all other property of the lessee usually kept on the premises, which is superior to any lien acquired subsequently to the bringing of such property on the leased premises. Revised General Statutes of Florida, § 3556. It follows that appellee had a lien for rent not only on the naval stores produced from the trees, but also on all property of the lessees usually kept on the land itself. The lien upon agricultural products does not expire with the year in which they were raised, though during the current year it is superior to all other liens, even prior ones. The lien for rent given by the statute above cited is not restricted to agricultural land, but applies generally to all classes of real property. Jones v. Fox, 23 Fla. 454, 2 So. 700. As to property of the lessees other than products of the land, the lien for rent does not take precedence over prior liens, but is superior to subsequently acquired liens. It being our view that the land was leased, appellee's lien for rent attached, not only to the naval stores produced from the trees, but also to the other property on the leased premises.

It becomes unnecessary to determine whether or not the attachment suit was dissolved by the order of the state court, or whether possession only of the property levied on by the sheriff was surrendered to the receiver of the federal District Court; for, if the lien of that attachment was pre-

served, it could only be on property which was subject to a prior lien, and appellant could acquire no greater interest in it than was held by the lessees. The fixed annual rent of $250 per crop is superior to appellant's claim. Profits from the sale of commissary supplies were included by the lease in the net profits, half of which were reserved as rent by the lessor, and there could not be net profits until the value of commissary supplies sold by the lessees was deducted from expenses of operation. We are therefore of opinion that it was error to order payment on account of net profits by preference over appellant's entire claim. That claim should be considered separately, and recognized year by year as being superior to appellee's lien on a share of net profits for the three years in which the question of net profits was an issue. It was undisputed that net profits were realized in 1920, and appellant should therefore be paid for the goods that it furnished during that year. Distribution of the fund in court should be made under the same rule for each of the two succeeding years as to which the accounting prayed for, but not made, should be taken.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.