HORTON, Judge.
The appellants herein are: (1) The Florida National Bank and Trust Company [hereinafter referred to as Trustee], (2) John Joseph Blake, settlor of a certain trust and counter-respondent in the divorce proceedings [hereinafter referred to as John], (3) Margaret G. Blake, farmer wife of appellant John [hereinafter referred to as Margaret], (4) Margaret E. Deaton, guardian of the property of Charlene, Mari *10 lyn and Charles Blake [hereinafter referred to as Guardian]. They all appeal a final decree of divorce insofar as said decree relates to disposition of certain real property.
The facts in this litigation may be summed up as follows. Appellants John and Margaret were formerly husband and wife. During the course of their marriage, three children were born to them. In 1954, John created an irrevocable inter vivos trust, a part of the corpus being a certain home. In 1958, by virtue of a separation agreement incorporated in the final decree of divorce dissolving the marriage of John and Margaret, exclusive possession of the realty in question was granted to Margaret as a home for her and the children. This separation agreement was subsequently modified in 1962 and the Trustee was directed to sell the house and purchase for Margaret and the children a more suitable residence in Tampa, Florida. This was never accomplished as litigation involving construction of the trust arose and is still pending final disposition in another division of the circuit court.
Appellant John, after an intervening marriage and divorce, then married appellee herein. This latest marriage was similarly of short duration and in an amended final decree of divorce, the chancellor disposed of the realty in question as follows:
“(4) That the * * * interest of * * * John Joseph Blake * * * in the real * * * property * * * is hereby awarded to the plaintiff, Norma W. Blake.
“(6) That * * * the Florida National Bank and Trust Company * * as Trustee * * * is ordered to convey to the plaintiff, Norma W. Blake * * * by deed of bargain and sale, tlae * * * right, title and interest of * * * John Joseph Blake * * * described in paragraph 4 * * * in default of said conveyance * * * this final decree * * * shall operate as a conveyance. * * *
“(9) That the Defendants, and each of them, and all parties claiming any interest by, through or under them, or either of them, is * * * enjoined and restrained from interfering with the plaintiff, Norma W. Blake, in the possession of said real property above described.”
Appellant Margaret and her children represented by the Guardian were refused intervention in the trial court although the decree determined the possessory right to the house. We find the trial court erred in failing to allow the petition for intervention.
Litigation concerning the trust in which the realty is held has previously been before this court. See Florida National Bank and Trust Company at Miami v. Blake, Fla. App.1963, 155 So.2d 798. In that litigation the chancellor dissolved the trust and directed the trustee to sell the house and purchase a home in Tampa for appellant Margaret and the children. On appeal this court reversed on the grounds that no guardian ad litem had been appointed to represent the interests of certain contingent beneficiaries, nor had one been appointed for the minor son, John Joseph Blake, Jr., issue of the union between John and appel-lee. Although that cause has been reheard by the chancellor, a final decree has not yet been entered.
 As between courts of concurrent jurisdiction, it has generally been held that the court which first exercises jurisdiction over a matter retains such jurisdiction to the termination of the cause. Ray v. Williams Phosphate Co., 59 Fla. 598, 52 So. 589. See also 8 Fla.Jur., Courts, §§ 121-124. This rule has been held to be especially appropriate in actions in rem, Maddox Grocery Company v. Hay, 87 Fla. 492, 100 So. 747, and has been applied to cases involving trusts. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285. By granting appellee herein exclusive possession of the house, the chancellor has pre-empted the power of *11 another division of the circuit court to construe the trust as it related to the property-in question.
Although we have concluded that it was error for the trial court to deny the petition for intervention, nevertheless, in view of the procedural posture of the case at bar and the fact that an action is pending in another division of the circuit court for a construction of the trust agreement, we deem the proper administration of justice and the interest of the litigating parties require that those provisions of the decree appealed attempting to deal with the trust property be stricken. Intervention at this time in the case at bar would accomplish little, if anything. The decision here is in no wise conclusive of the rights, if any, of Norma Blake in the trust property as the same may be affected by a decree construing the trust instrument.
Accordingly, paragraphs 4, 6 and 9 of the decree appealed are stricken, and the decree as modified is affirmed.
Modified and affirmed.