340 So.2d 535 (1976)
Christopher T. NEALE, Appellant,
v.
Thomas J. AYCOCK, III, et al., Appellees.
No. CC-180.
District Court of Appeal of Florida, First District.
December 16, 1976.
Rehearing Denied January 13, 1977.
James H. Harrison, of Malone & Harrison, Orlando, for appellant.
John B. Chandler, Jr. and Paul P. Sanford of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellees.
PER CURIAM.
Interlocutory review is sought of an order entered in the circuit court of Lafayette County staying all proceedings in that action until termination of a certain pending action in the circuit court of Duval County.
In June of 1960, Thomas J. Aycock, Sr. executed a trust agreement naming Ava Johnson Aycock, Thomas J. Aycock, Jr. and Ava Aycock Neale Parker as co-trustees. Pursuant to a provision of the trust agreement the Florida First National Bank of Jacksonville was named a co-trustee following the death of Ava Johnson Aycock in 1964.
Christopher T. Neale, appellant, is the grandson of Thomas J. Aycock, Sr., and the son of Ava Aycock Neale Parker. Under the terms of the trust, appellant was to receive a portion of the income generated by the trust from his 25th birthday until the death of his mother. Upon the latter event, he contends that he was entitled to have distributed to him one quarter of the principal of the trust. Appellant's mother died on March 26, 1975. The primary trust asset is a tract of land in Lafayette County containing in excess of 24,000 acres and valued at more than $6,000,000.
Within two months of the death of appellant's mother, David S. Parker, as administrator of the estate of Ava Aycock Neale Parker, filed an action in the circuit court of Duval County against the Florida First National Bank and Dorothy DeShong Aycock, as personal representative of Thomas J. Aycock, Jr. All counts of that complaint have been dismissed with prejudice except a count seeking an accounting, primarily attacking the propriety and correctness of expense allocations as between principal and income over the term of the trust, and a temporary injunction enjoining distribution of the trust assets pending a complete audit. Appellant is not a party to that action.
On February 19, 1976, appellant, as plaintiff, commenced a partition suit in Lafayette County seeking to have partitioned *536 and distributed to him that portion of the trust assets to which he allegedly became entitled under the terms of the trust upon the death of his mother. Among the defendants in that action are the appellees here, the Florida First National Bank of Jacksonville, as trustee for Cherye Darline Aycock, a beneficiary under the Thomas J. Aycock trust, and the Florida First National Bank of Jacksonville, as a co-trustee of the Thomas J. Aycock trust.
Upon motion of Florida First National Bank of Jacksonville filed in the partition action pending in Lafayette County, the circuit judge entered the order here appealed staying all further proceedings and action until termination of the Duval County case.
Unquestionably, a trial court has broad discretion to order or deny an application for a stay of proceedings in cases pending before it. (Air Comfort Mechanical, Inc. v. Simmons, Fla.App.2d 1971, 252 So.2d 285, 30 Fla.Jur., Stay of Proceedings, Section 4, Page 349) A stay of proceedings may be obtained in equity on considerations which would warrant similar stays at law, especially when a stay is shown to be necessary to avoid an inequitable result. (30 Fla.Jur., Stay of Proceedings, Section 3)
However, the broad discretion vested in the trial court is not without its limitations. In his partition suit, appellant claims to have been entitled to have partitioned and distributed to him one quarter of the principal of the subject trust immediately upon the death of his mother. He is entitled to have that issue determined by the court which has jurisdiction of the res, the circuit court in Lafayette County. Appellant is not a party to the action in Duval County, nor are the issues or subject matter of the two suits the same. By the Lafayette County action, appellant seeks to have partitioned and distributed to him his vested interest in the trust estate. By the Duval County action, another party seeks an independent audit and an accounting. The Duval County Circuit Court has no jurisdiction of appellant and the Lafayette County Circuit Court has no jurisdiction of the subject matter of the Duval County action. It is manifestly unjust to require appellant to await the whims and delays of the parties to the Duval County action, over which he has no control and in which he has no right of participation, all the while being deprived of substantial property which he claims, and is entitled to have determined, to be legally his. Common experience teaches us that where large sums are involved litigation tends to move slowly and repetitiously. By the time the Duval County action matures in the trial court, is tried, appealed and perhaps again tried, the subject of the Layfayette County action may well have depreciated in value or appellant's life expectancy may well have expired.
Appellee seeks comfort in A.J. Armstrong Co. v. Romanach, Fla.App.3d 1964, 165 So.2d 817; Blake v. Blake, Fla.App.3d 1965, 172 So.2d 9 and Maddox Grocery Co. v. Hay, Sup.Ct.Fla. 1924, 87 Fla. 492, 100 So. 747. Those cases are clearly distinguishable and are not here controlling.
REVERSED.
BOYER, C.J., and MILLS, J., concur.
SMITH, J., dissents without opinion.