342 So.2d 149 (1977)
Shellie ROWELL, Appellant,
v.
H.G. SMITH d/b/a H.G. Smith Realty and John Stocks, Appellees.
No. EE-5.
District Court of Appeal of Florida, First District.
February 15, 1977.
Jackson G. Beatty of Gregory, Towles, Beatty & Hood, Tallahassee, for appellant.
William L. Camper and David P. Hopstetter of Huey & Camper, Sam Spector and Gene D. Brown of Brown, McDowell & Hart, Tallahassee, for appellees.
SMITH, Judge.
This interlocutory appeal in an action for money damages was taken from an order staying proceedings pending the disposition of another action involving common facts, related but distinct issues, and some but not all the same parties. Appellant, plaintiff in the trial court, is not a party to the other action.
Appellant's interlocutory appeal is inappropriate because this action is not one formerly cognizable in equity. Florida Appellate Rule 4.2a. Yet, because no adequate remedy for the stay's delay can be provided after final judgment, we treat the interlocutory appeal as a petition for certiorari. Article V, Section 2(a), Florida Constitution.
*150 Appellant is not a party to the action on which the stay of this case is predicated; disposition of that case evidently will be further delayed by appellate proceedings; and there is no clear likelihood that this case will be controlled by the results of the other. We consider the stay is not in accord with essential requirements of law. See Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976). The prayer of the petition for certiorari is therefore GRANTED, the stay order dissolved and the case remanded for further proceedings.
ERVIN, J., concurs.
BOYER, C.J., concurs specially.
BOYER, Chief Judge, specially concurring.
I concur in the result reached and that such result is required by application of the principles announced in Neale v. Aycock, cited in the majority opinion. However, under the facts of this case, even in the absence of Neale v. Aycock, the same result would be required.