396 So.2d 834 (1981)
REGAN, INC., a Florida Corporation, Appellant,
v.
VAL-RO, LTD., a Florida Limited Partnership, et al., Appellees.
No. 81-286.
District Court of Appeal of Florida, Third District.
April 9, 1981.
Rehearing Denied April 23, 1981.
*835 Edward C. Vining, Jr., Miami, for appellant.
Goodman, Dunbert & Hochman and Alan R. Hochman, Miami, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Regan, Inc. has appealed a trial court order staying a foreclosure sale. Regan obtained a final judgment of foreclosure in the amount of $61,000 and contends the trial court abused its discretion when it granted appellee's emergency motion for a ninety-day stay of the sale.[1] We agree and reverse.
The trial court, aware that Val-Ro had executed a contract to sell the subject property for $200,000, apparently sought to afford appellees the opportunity to complete the sale which was conditioned upon investigation concerning adequacy of title and suitability for the type of development contemplated by the buyer. Regan argued that it would be prejudiced by the delay since a foreclosure action had recently been brought by the first mortgagee.
We agree that Regan was prejudiced by the stay and that the foreclosure action pertaining to the first mortgage could overtake Regan's prior judgment. In light of circumstances disclosing that Val-Ro did not own all the property it had agreed to sell and that the buyer, under the terms of Val-Ro's contract, was able to withdraw from its obligations if it found the property unsuitable, we find the trial court erred in staying the foreclosure sale. We note that appellees took no appeal from the final judgment of foreclosure, and its validity remains unchallenged. Although a trial court has broad discretion in granting stays, Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 405 (Fla. 1977); Air Comfort Mechanical, Inc. v. Simmons, 252 So.2d 285 (Fla. 2d DCA 1971), we hold that in the circumstances of this case, the court abused its discretion. See Neale v. Aycock, supra; Price v. Hernando Beach, Inc., 286 So.2d 279 (Fla. 2d DCA 1973). We therefore reverse the trial court's order.
Time for filing petition for rehearing is reduced to three days from the date of this order.
DANIEL S. PEARSON, Judge, dissenting.
I do not agree that the trial court's stay of the foreclosure sale to afford Val-Ro, *836 Ltd. an opportunity to sell the property and realize $100,000 in equity constitutes an abuse of the trial court's discretion, particularly where the only possible prejudice to Regan is "that the [pending] foreclosure action pertaining to the first mortgage could overtake Regan's prior judgment," a prejudice which has not yet occurred, may never occur, and, if imminent, one which could be averted by timely action of the trial court.
NOTES
[1] The trial court's order exceeded the requested ninety-day stay. The February 6, 1981 foreclosure sale was stayed until June 1, 1981.