## SCHELLER v AMERICAN MEDICAL INTERNATIONAL, INC., et al.

### Case No. 86-3983-(CL)-F

Fifteenth Judicial Circuit, Palm Beach County

November 18, 1988.

### OPINION OF THE COURT

DANIEL T. K. HURLEY, Circuit Judge.

### ORDER STAYING PROCEEDINGS

THIS CAUSE came before the court upon the defendants' motion to stay proceedings until a related appeal, involving the same parties and issues, is decided.

Defendant American Medical International, Inc., owns Palm Beach Gardens Community Hospital, Inc. The hospital as a medical staff bylaw (article IV, section 3(b)) which allows admitting doctors to designate an outside pathologist to perform clinical and anatomical pathology services for their patients. Plaintiff Dr. Zbigniew Scheller is a pathologist who, pursuant to the bylaw, was called upon to render such services.

Previously, in case no. 80-5519 (Scheller v American Medical Inter-

174

national, Inc., et al.), Dr. Scheller claimed that the hospital and its corporate owner tortiously interfered with his advantageous business relations by denying him access to patients' clinical test results and necessary billing information. The period of deprivation extended over two months from November 24, 1980, to January 29, 1981. The trial lasted approximately six weeks. About thirty-eight witnesses, including fifteen members of the medical community, testified. THe jury found in favor of Dr. Scheller, awarding him approximately twenty million dollars. An appeal is pending.

In the case at bar, Dr. Scheller is making the same claims against the same defendants for a different six-day period. (Whether this constitutes an impermissible splitting of a cause of action has not been argued before the court and is not decided here.)

Case law indicates that a trial court is vested with broad discretion in determining whether to grant a stay of proceedings. *Neale v Aycock*, 340 So.2d 535 (Fla. 1st DCA 1976), *cert. denied*, 351 So.2d 405 (Fla. 1977); *Air Comfort Mechanical, Inc. v Simmons*, 252 So.2d 285 (Fla. 2d DCA 1971). This grant of authority, however, does not imply that the court's discretion can be exercised in an arbitrary or unprincipled manner. *See, e.g., Regan, Inc. v Val-Ro, Ltd.,* 396 So.2d 834 (Fla. 3d DCA 1981). It must be justified by the facts of the case.

There are several factors which, in the court's judgment, militate in favor of staying the present case. First, this case involves the same issues and the same parties as were before the court in 80-5519. That case contained numerous highly-contested evidentiary rulings in addition to a critical determination on the availability of punitive damages. Consequently, there is a "clear likelihood," *Rowell v Smith,* 342 So.2d 149, 150 (Fla. 1st DCA), *cert. denied,* 351 So.2d 408 (Fla. 1977), that the appellate court's decision in the pending appeal will resolve every legal issue presented by this case.

Next is the consideration of economy—conomy of limited judicial resources and economy of the parties' and witnesses' time and money. The last trial took six weeks. The parties are back before the court, embroiled in discovery battles with no reliable indication that the next trial will be any less complex or contentious. Furthermore, this case involves other whose time and commitments must be considered. Approximately fifteen doctors testified in the last trial. Their direct testimony was lengthy and subject to arduous cross-examination. If there must be another trial, it should be with the benefit of the appellate court's guidance so that this conflict can be resolved once and for all.

It is also appropriate to consider the plaintiff's financial status. Dr. Scheller has won twenty million dollars already. Unlike the usual plaintiff in a personal injury action who is often dependent upon the verdict to satisfy unpaid medical bills and provide lost income, Dr. Scheller is not in dire financial straits. Indeed, he has been most candid with the court in stating that his primary motivation is to punish the defendants through the imposition of punitive damages for actions which, he asserts, were malicious and which impeded his efforts to deliver quality health care.

After evaluating these and other factors which were put before the court during argument, it is the court's view that a stay is appropriate. Accordingly, it is,

ORDERED and ADJUDGED that all proceedings in this action are stayed pending receipt of the mandate in the appeal from trial court case no. 80-5519.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 18th day of November, 1988.