58 So.2d 431 (1952)
SPARKMAN
v.
STATE ex rel. SCOTT.
Supreme Court of Florida, en Banc.
April 22, 1952.
Wm. C. McLean, Tampa, for appellant.
Henry H. Cole, Tampa, for appellee.
SEBRING, Chief Justice.
The appeal brings here for review the question of the constitutional validity of chapter 26899, Laws of Florida 1951, now section 192.121, Florida Statutes 1949, as amended, F.S.A.
Section 7, Article X of the Florida Constitution, as amended, F.S.A., provides:
"Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of Five Thousand Dollars on the said home and contiguous real property as defined in Article 10, Section 1, of the Constitution, for the year 1939 and thereafter. Said title may be held by the entireties, jointly or in common with others, and said exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than Five Thousand Dollars shall be allowed to any one person or any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person. The Legislature may prescribe appropriate and reasonable laws regulating the manner of establishing the right to said exemption."
The challenged statute, chapter 26899, prescribes in substance, that no person shall be entitled to an exemption of his or her homestead, unless such person at the time of making application for such exemption shall have been a legal resident of the State *432 of Florida for the period of at least one year prior thereto.
The dominant question on the appeal is whether the fixing in the statute of the residential requirement of one year as a condition precedent to the right of an owner to claim homestead exemption is within the authority granted to the Legislature by the last sentence of Section 7, Article X of the Constitution; i.e. to "prescribe appropriate and reasonable laws regulating the manner of establishing the right to said exemption"; or is an unlawful attempt by the Legislature to alter, contract, or enlarge Section 7, Article X, by legislative enactment, contrary to the express pronouncements of this court that "Express or implied provisions of the Constitution cannot be altered, contracted or enlarged by legislative enactments." See State ex rel. West v. Butler, 70 Fla. 102, 69 So. 771, 777, and Amos v. Mathews, 99 Fla. 1, 126 So. 308.
We think it plain that the statute involved falls into the latter category. In determining whether a challenged statute is violative of constitutional provisions, the rule is that "The constitutionality of a statute should be determined by its practical operation and effect". Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, 323, 141 So. 604, certiorari denied 287 U.S. 634, 53 S.Ct. 84, 77 L.Ed. 549.
When the constitutional validity of the statute is measured by this rule the following situation is apparent: Section 7, Article X of the Constitution creates a right or privilege of exemption in a clearly defined class or group of persons; namely, "Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person".
But when the provisions of the challenged statute are applied the class or group of persons to whom is accorded the right or privilege of exemption becomes materially limited, restricted and altered so as to include only such persons as have legal title or beneficial title in equity to real property in this State, who reside thereon and in good faith make the same their permanent home or the permanent home of others who are naturally or legally dependent upon them, and who have been legal residents of the State for a period of one year prior to making application for homestead exemption.
It cannot be seriously questioned that the class or group entitled to homestead exemption under the constitution, and the class or group entitled to such right or privilege under the constitution as attempted to be restricted by legislative enactment, are quite materially different.
It follows, therefore, that the challenged statute must be declared invalid as being in conflict with the constitution and that the judgment appealed from must be affirmed.
It is so ordered.
CHAPMAN, THOMAS, HOBSON, ROBERTS and MATHEWS, JJ., and DICKINSON, Associate Justice, concur.