QUESTIONS: 1. Is an equitable title pursuant to a contract to purchase sufficient to support a homestead exemption if it is unrecorded? 2. Is there an inconsistency between s. 196.041, F. S., and Manual of Instructions — State of Florida, Department of Revenue, 12B-1.202(4)(B)1.d.? 3. Should the vendee's name be placed on the tax records and the vendor's name be removed, or, must both vendor and vendee be named on the assessment roll, if the vendee in possession under contract is entitled to an exemption?
SUMMARY: An unrecorded contract to purchase realty, if the vendee is in possession and if the other requirements of Art. VII, s. 6, State Const., are met, is sufficient equitable title to support a claim for homestead exemption from ad valorem taxation. There is no conflict between s. 196.041, F.S., which is merely directive and provides one method of establishing a claim, and Rule 12B-1.202(4)(B)1.d., F.A.C. The tax assessor may carry names on the assessment roll other than those primarily liable for the tax assessment, and both the vendor and vendee may be named or listed on the tax roll. The first question is answered in the affirmative; the second in the negative; and the third by the discussion herein. Article VII, s. 6, State Const., provides that: Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner . . . shall be exempt from taxation . . . up to the assessed valuation of five thousand dollars . . . . (Emphasis supplied.) Section196.041, F.S., provides that: Vendees in possession of real estate under bona fide contracts to purchase when such instruments, under which they claim title, are recorded in . . . the circuit court where said properties lie, . . . shall be deemed to have legal or beneficial and equitable title to said property. . . . The regulations provide that "vendees in possession of real estate under bona fide contracts to purchase shall be deemed to have equitable title to real estate" (Rule 12B-1.202(4)(B)1.b., F.A.C.) but a "contract for deed need not be recorded as s.196.041, F.S., seems to require" (Rule 12B-1.202(4)(B)1.d., F.A.C.). Questions 1 and 2 enquire whether the statutory recording requirement is mandatory though not mentioned by the constitution, supra. It is assumed that the vendee is in possession and that the property is otherwise qualified for the homestead exemption. In my opinion, there is no conflict between these provisions. Section196.041, supra, provides merely one method of proving title. Absent a judicial construction of this provision, I would not imply an intent that the prescribed method should be exclusive and mandatory. See AGO's 039-10, February 19, 1939, Biennial Report of the Attorney General, 1939-1940, p. 448; 051-295, September 4, 1951, Biennial Report of the Attorney General, 1951-1952, p. 358; 069-46; 072-154; and 074-216. Further, statutory provisions must be construed consistent with the rule that an express constitutional grant not be made conditional. Sparkman v. State,58 So.2d 431 (Fla. 1952). Therefore, it is my opinion that a vendee in possession pursuant to an unrecorded binding contract, who resides therein in good faith and makes it his or her permanent home, is entitled to a homestead exemption from ad valorem taxation. See 33 Fla. Jur. Vendor and Purchaser s. 107; 84 C.J.S. Taxation s. 98 (1954); Kozacik v. Kozacik, 26 So.2d 659
(Fla. 1946); Bancroft Inv. Corporation v. City of Jacksonville,27 So.2d 162 (Fla. 1946); AGO's 069-46, 072- 154, and 074-216; cf. AGO 073-131. The Florida Supreme Court in Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1969), held that the tax assessment valuation must include all interests in the property. The vendor often retains an interest in the property even if it is nothing more than a security interest. If the vendee is not in possession, the vendor remains, assuming other requirements are met, the applicant for a homestead exemption. Bancroft, supra; S.R.A. v. Minnesota, 327 U.S. 558 (1946). Furthermore, since property owners do not lose their title by having the property assessed in someone else's name, an additional name on the assessment roll is not contrary to any interest in the property. Attorney General Opinion 070-126. Moreover, real property has been listed in names of multiple owners and even parties claiming the same property through an adverse claim. Attorney General Opinions 070-126 and 072-362. See also AGO 074-216. It is, therefore, my opinion that both vendor and vendee may be named on the assessment roll.