Honorable Ben T. Reyes Chairman House Committee on Rules P. O. Box 2910 Austin, Texas 78769
Re: Validity of a homestead tax exemption for senior citizens whose income is limited to a certain amount.
Dear Representative Reyes:
You have requested our opinion regarding the validity of a homestead tax exemption for senior citizens.
Article 8, section 1-b of the Texas Constitution provides, in pertinent part:
 Sec. 1-b. (a) Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads of married or unmarried adults, male or female, including those living alone, shall be exempt from all taxation for all State purposes.
 (b) From and after January 1, 1973, the governing body of any county, city, town, school district, or other political subdivision of the State may exempt by its own action not less than Three Thousand Dollars ($3,000) of the assessed value of residence homesteads of married or unmarried persons sixty-five (65) years of age or older, including those living alone, from ad valorem taxes thereafter levied by the political subdivision.
You advise that the Board of Education of the Houston Independent School District recently enacted the following resolution:
 Section 1 That the Board of Education of the Houston Independent School District grant a $5,000 homestead tax exemption to citizens sixty-five years of age or older who timely file a sworn application with the District's Tax Assessor-Collector, the exemption to be granted according to the procedures and under the conditions employed by the City of Houston, the Tax Assessor and Collector of the Houston Independent School District.
Section 2 That the Board of Education of the Houston Independent School District grant an additional $10,000 homestead tax exemption to citizens sixty-five years of age or older (for a total of $15,000), who timely file a sworn application on a form provided by the District, through which the taxpayer establishes that his or her income does not exceed $5,000 annually if only the taxpayer claiming the exemption resides in the residence homestead, and a combined total of $7,000 annually if the taxpayer claiming the exemption and his or her spouse reside in the residence homestead, the exemption to be granted according to the procedures and under the conditions employed by the City of Houston, the Tax Assessor and Collector of the Houston Independent School District.
You ask whether the board may validly condition this additional $10,000 exemption upon the taxpayer's annual income.
A political subdivision is empowered by article 8, section 1-b to grant to every person a tax exemption on certain property, provided the property is the residence homestead of the taxpayer, and provided further that the taxpayer is at least 65 years of age. The board of education, while authorizing an exemption in the amount of $5,000 to all taxpayers on the sole basis of the two constitutional criteria, proposes an additional exemption for those taxpayers who also qualify under an income test.
The Supreme Court of Texas has frequently declared that `tax exemptions are subject to strict construction since they are the antithesis of equality and uniformity.' Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943, 948 (Tex. 1968); see also Davies v. Meyer, 541 S.W.2d 827, 829 (Tex. 1976). In our opinion, the school board may not limit the grant of an exemption to any condition not derived from the constitutional amendment itself. In Sparkman v. State, 58 So.2d 431 (Fla. 1952), a constitutional provision authorized a homestead tax exemption of $5,000. The legislature subsequently required that any person claiming the exemption must have been a legal resident of the state for one year prior thereto. The Supreme Court of Florida held that
 the class or group entitled to homestead exemption under the constitution, and the class or group entitled to such right or privilege under the constitution as attempted to be restricted by legislative enactment, are quite materially different.
As a result, the court found the residency requirement invalid.58 So.2d, at 432.
Likewise, the Texas Constitution empowers a political subdivision to grant a homestead tax exemption on the basis of the taxpayer's age and residence on the homestead property. To these constitutional conditions, the school board has appended a third based on income. When a constitutional amendment has
 specif[ied] . . . circumstances and purposes . . . the Legislature is without power to add to or withdraw from the circumstances and purposes specified.
Deason v. Orange County Water Control Improvement District No. 1,244 S.W.2d 981, 984 (Tex. 1952). It is our opinion, therefore, that under the present language of the constitution a school district may not limit the grant of a homestead tax exemption for senior citizens to those whose income is below a particular amount.
 SUMMARY
Under the current language of the constitution, a school district may not limit the grant of a homestead tax exemption for senior citizens to those whose income is below a particular amount.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee