

# The Attorney General of Texas

June 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ben T. Reyes
Chairman
House Committee on Rules
P. O. Box 2910
Austin, Texas 78769

Opinion No. H- 1187

Re: Validity of a homestead tax exemption for senior citizens whose income is limited to a certain amount.

Dear Representative Reyes:

You have requested our opinion regarding the validity of a homestead tax exemption for senior citizens.

Article 8, section 1-b of the Texas Constitution provides, in pertinent part:

> Sec. 1-b. (a) Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads of married or unmarried adults, male or female, including those living alone, shall be exempt from all taxation for all State purposes.
> (b) From and after January 1, 1973, the governing body of any county, city, town, school district, or other political subdivision of the State may exempt by its own action not less than Three Thousand Dollars ($3,000) of the assessed value of residence homesteads of married or unmarried persons sixty-five (65) years of age or older, including those living alone, from ad valorem taxes thereafter levied by the political sub-division.

You advise that the Board of Education of the Houston Independent School District recently enacted the following resolution:

> Section 1 That the Board of Education of the Houston Independent School District grant a $5,000 homestead tax exemption to citizens sixty-five years

of age or older who timely file a sworn application with the District's Tax Assessor-Collector, the exemption to be granted according to the procedures and under the conditions employed by the City of Houston, the Tax Assessor and Collector of the Houston Independent School District.

Section 2  That the Board of Education of the Houston Independent School District grant an additional $10,000 homestead tax exemption to citizens sixty-five years of age or older (for a total of $15,000), who timely file a sworn application on a form provided by the District, through which the taxpayer establishes that his or her income does not exceed $5,000 annually if only the taxpayer claiming the exemption resides in the residence homestead, and a combined total of $7,000 annually if the taxpayer claiming the exemption and his or her spouse reside in the residence homestead, the exemption to be granted according to the procedures and under the conditions employed by the City of Houston, the Tax Assessor and Collector of the Houston Independent School District.

You ask whether the board may validly condition this additional $10,000 exemption upon the taxpayer's annual income.

A political subdivision is empowered by article 8, section 1-b to grant to every person a tax exemption on certain property, provided the property is the residence homestead of the taxpayer, and provided further that the taxpayer is at least 65 years of age. The board of education, while authorizing an exemption in the amount of $5,000 to all taxpayers on the sole basis of the two constitutional criteria, proposes an additional exemption for those taxpayers who also qualify under an income test.

The Supreme Court of Texas has frequently declared that "tax exemptions are subject to strict construction since they are the antithesis of equality and uniformity." Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943, 948 (Tex. 1968); see also Davies v. Meyer, 541 S.W.2d 827, 829 (Tex. 1976). In our opinion, the school board may not limit the grant of an exemption to any condition not derived from the constitutional amendment itself. In Sparkman v. State, 58 So.2d 431 (Fla. 1952), a constitutional provision authorized a homestead tax exemption of $5,000. The legislature subsequently required that any person claiming the exemption must have been a legal resident of the state for one year prior thereto. The Supreme Court of Florida held that

the class or group entitled to homestead exemption under the constitution, and the class or group entitled to such right

or privilege under the constitution as attempted to be restricted by legislative enactment, are quite materially different.

As a result, the court found the residency requirement invalid. 58 So.2d, at 432.

Likewise, the Texas Constitution empowers a political subdivision to grant a homestead tax exemption on the basis of the taxpayer's age and residence on the homestead property. To these constitutional conditions, the school board has appended a third based on income. When a constitutional amendment has

specif[ied] ... circumstances and purposes ... the Legislature is without power to add to or withdraw from the circumstances and purposes specified.

Deason v. Orange County Water Control & Improvement District No. 1, 244 S.W.2d 981, 984 (Tex. 1952). It is our opinion, therefore, that under the present language of the constitution a school district may not limit the grant of a homestead tax exemption for senior citizens to those whose income is below a particular amount.

## SUMMARY

Under the current language of the constitution, a school district may not limit the grant of a homestead tax exemption for senior citizens to those whose income is below a particular amount.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn