PER CURIAM.
Robert John Winicki petitions this Court for a Writ of Certiorari to review the trial court’s order granting Respondent Mallard’s Motion to Stay “pending final disposition of both Osterndorf v. Turner, et al., [411 So.2d 330] Case No. 81-864, Fifth District Court of Appeal,[1] and Maguire v. Schultz, et al., Case No. 81-2447, Second District Court of Appeal.” By his complaint below Winicki seeks to have Section 196.031(3)(d) and (e), Florida Statutes (1981), [providing for a $25,000 increased homestead real property tax exemption for those persons who have resided in Florida for at least five years] declared unconstitutional as violative of his fundamental right to travel as protected by the privileges and immunities clause and the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.
We agree with Winicki’s contention that the trial court abused its discretion in granting the stay. We recognize the similarity of issues in both Osterndorf and Ma-guire. However, Winicki is a party to neither of these appeals. Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976). Second, considering the nature of the constitutional issues involved in these various appeals, there is a substantial likelihood that a definitive ruling by the Florida Supreme Court or, conceivably, the United States Supreme Court may not be forthcoming for some time. Id. Thus, Winicki’s due process right to have his grievances heard by a court of competent jurisdiction will be indefinitely delayed, and, as the old adage goes, justice delayed is justice denied.
Accordingly, for the reasons expressed above, we grant the petition, quash the trial court’s order granting stay, and remand this cause for further proceedings consistent with this opinion.
McCORD, MILLS and SHIVERS, JJ., concur.

. The Fifth District Court of Appeal has since ruled adversely to Winicki’s contentions. Ost-erndorf v. Turner, 411 So.2d 330 (Fla. 5th DCA 1982).