468 So.2d 281 (1985)
SUNSHINE STATE SERVICE CORPORATION, Etc., et al., Petitioners,
v.
DOVE INVESTMENTS OF HILLSBOROUGH, Etc., et al., Respondents.
No. 85-2.
District Court of Appeal of Florida, Fifth District.
March 14, 1985.
Rehearing Denied May 1, 1985.
*282 Marsha G. Rydberg of Taub & Williams, Tampa, for petitioners.
McLin, Burnsed, Marable & Morrison, P.A., Leesburg, Neil R. Covert, of Straske, Farfante, Segall & Arcuri, P.A., Tampa, and Larry E. Parrish, of Parrish & Mulrooney, P.C., Memphis, Tenn., for respondents.

ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
Sunshine State Service Corporation and Banner Equities, Inc. petition this court for a writ of certiorari to review an order of the Sumter County circuit court staying the state court action pending disposition of respondents' subsequently filed action in federal court. We have jurisdiction. See Rowell v. Smith, 342 So.2d 149 (Fla. 1st DCA 1977), cert. den., 351 So.2d 408 (Fla. 1977). We agree with petitioners that the lower court departed from the essential requirements of law, and therefore quash the stay.
On February 21, 1984, petitioners filed a multi-count complaint against respondents and others in the circuit court seeking, among other things, to foreclose a mortgage, confirm and establish certain documents, and quiet title to real property. The mortgage secures a note and additional advances in the amount of nearly $5,000,000 plus interest. Respondents filed a counterclaim alleging causes of action for usury, interference with business and contractual relationships, breach of fiduciary duty, unauthorized assumption of corporate power, accounting, injunctive and declaratory relief. On September 6, 1984, respondents brought an action against petitioners and others in the United States District Court for the Middle District of Florida, Tampa Division. Respondents' complaint in federal court seeks relief pursuant to 18 U.S.C. § 1962 and 42 U.S.C. § 1983. Additionally, respondents invoked the federal court's pendent jurisdiction to reassert and incorporate by reference the counterclaims they allege in the case at bar. Next, respondents moved the state court for a stay of the instant action pending disposition of their litigation in federal court.
In Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927), decedent's administrator brought an action against decedent's former partners to enjoin the sale of property owned by the partnership, and for an accounting and settlement of partnership assets. Before a termination of that cause, the former partners brought an action against decedent's administrator in federal court for an accounting and settlement of the partnership assets. The federal court queried why the dispute could not be resolved in the pending state litigation but refused to stay the federal proceedings. Somehow the federal case proceeded to final judgment before the prior filed state court action. Thus, the Florida Supreme Court's remarks with respect to staying a subsequently filed cause of action involving the same parties and subject matter in a court of concurrent jurisdiction are not essential to the result in Wade v. Clower, but are, nonetheless, of value to proper disposition of the instant petition:

*283 Except as judgments of state courts are subject to review in proper cases by the federal Supreme Court, or as to those actions originally brought in a state court which may lawfully be removed to a federal court, the courts of the United States and of the various states are independent of each other, and the pendency of a suit in one of such courts is not a bar to a suit in another such court involving the same controversy, although, as a matter of comity, one of such courts will not ordinarily determine a controversy of which another of such courts has previously obtained jurisdiction. 15 C.J. 1152. Where a state and federal court have concurrent jurisdiction over the same parties or privies and the same subject matter, the tribunal where jurisdiction first attaches retains it exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case. This jurisdiction continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought. Accordingly, where the jurisdiction of a state or a federal court has once attached, it cannot be taken away or arrested by proceedings subsequently instituted in the other court; but the usual practice is for the court in which the second action is brought not to dismiss such action, but to suspend proceedings therein until the first action is tried and determined.
114 So. at 551. The above quoted language of the supreme court indicates a stay of a subsequently filed action in a court of concurrent jurisdiction involving the same parties and same subject matter is appropriate.
In the instant case the state and federal courts do not have concurrent jurisdiction of the cause of action which petitioners filed in state court, or of the counterclaim respondents initiated. Respondents' subsequently filed action in the U.S. District Court invokes federal jurisdiction based on their claims under titles 18 and 42 of the U.S. Code. Respondents allege in their federal action the same claims contained in their counterclaim below pursuant to federal pendent jurisdiction. Without the addition of respondents' allegations based on the federal statutes, the federal court would have no jurisdiction to determine the claims respondents first raised in their counterclaim below. The fact that respondents could not remove the case at bar to federal court[1] demonstrates that the federal courts do not have concurrent jurisdiction of either the main action or the counterclaim pending below.
Even if the federal courts did have concurrent jurisdiction of the claims and counterclaims alleged in state court, it is a departure from the essential requirements of law to stay the proceedings below. First, there is not complete identity of parties in the state and federal actions. Although all plaintiffs in the state action are defendants in federal court, these plaintiffs seek relief against certain parties in the state proceeding who do not appear in the federal litigation. Therefore, even if petitioners' claims were pending in the federal litigation (which they are not), the federal litigation would not adjudicate the relative priority of petitioners' claim against the property vis-a-vis those of Englewood Investments, Ltd., Lee Management of Wildwood, Inc., Parker Sod, Paquette Paving Co., Inc., Suter Air Conditioning, Inc., Merritt Seawall, Inc., Don Dame d/b/a Statewide Tree Experts, Best-Bilt Construction Company, Reedy Carpets, Inc., Weyman Carmichael, d/b/a Carmichael Enterprises, Moorehead Engineering Company, John Williams, d/b/a Sumter Pipe, Grady Stone, d/b/a Sumter County Plumbing, Cason and Gaskins, Inc., Clyde Hunt, d/b/a Hunt's Sawmill, Bob's Concrete, Inc., McLin, Burnsed, Marable & Morrison, P.A., Straske, Farfante, Segall & Arcuri, P.A., and Bruce's Inc., d/b/a Sherrouse Well Pump and Supply. Further, petitioners *284 would be forced to await the conclusion of the federal case before presenting to a judicial tribunal their dispute with Forrest Berg, Carrol Berg and Brian Connett. In light of these considerations, the fact that the instant foreclosure action involves an alleged debt to petitioners of $4,977,773.52, our judicial recognition of the congestion of the federal docket,[2] the stay entered in the lower court calls to mind the old adage that justice delayed is justice denied. See Winicki v. Mallard, 417 So.2d 742 (Fla. 1st DCA 1982), cert. dism., 419 So.2d 1201 (Fla. 1982).
The second reason why the lower court departed from the essential requirements of law in staying the proceedings below, even if there were concurrent jurisdiction of the state claims and counterclaims in federal court, is that the instant case was initiated prior to the federal action. The general rule is stated in 20 Am.Jur.2d, Courts § 128, at 481 (1965):
As a general rule the exercise of concurrent jurisdiction is controlled by the principle of priority. According to this principle the court of concurrent jurisdiction that first exercises it thereby acquires exclusive jurisdiction to further proceed in the case. In other words, once a court of concurrent jurisdiction has begun to exercise its jurisdiction over a case its authority to deal with the action is, subject to appellate review, exclusive until it is completely disposed of, and no other court of concurrent jurisdiction may interfere with the proceedings thus pending.
(footnotes omitted). See also Wade v. Clower; Koehlke Components, Inc. v. South East Connectors; Schwartz v. DeLoach, 453 So.2d 454 (Fla. 2d DCA 1984); Lawyers Professional Liability Insurance Company v. Shand, Morahand & Company, Inc.
For the above stated reasons, we grant the petition for certiorari, quash the stay entered in the lower court and remand for further proceedings.
Petition granted.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] See 28 U.S.C. § 1441(a) (1973).
[2] See Lawyers Professional Liability Insurance Company v. Shand, Morrahan & Company, Inc., 394 So.2d 238 (Fla. 1st DCA 1981). Cf. Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984) (denial of stay of subsequent state action similar to that pending in federal court approved where congested federal docket will likely result in delay of adjudication of federal case); ITT-Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. den., 359 So.2d 1215 (Fla. 1978) (same).