W. SHARP, Judge.
Sebor, the plaintiff in a state civil lawsuit, petitions this court for certiorari review of an order rendered by the state court, staying the lawsuit, pending resolution of a later filed federal lawsuit, which involves some of the same issues and some of the same parties. We grant the petition, finding that Sunshine State Service v. Dove Investments, 468 So.2d *53 281 (Fla. 5th DCA 1985), rev. denied, 478 So.2d 53 (Fla.1985), is not distinguishable.
In this ease, Sébor sued Rief Designs and DRH Corporation (“Rief’) to resolve the parties’ respective rights and obligations concerning swimming pool cleaner technology, which had been created by a multi-party development effort participated in by Sebor, Rief and others. The key document is a written agreement between Rief and Sebor, dated September 10, 1990. Sebor allegedly terminated the agreement in 1992 because Rief materially breached the agreement.
In the state lawsuit, Sebor alleged causes of action against Rief for fraudulent inducement, fraudulent misrepresentation, declaratory and injunctive relief and unjust enrichment. Rief asserted, by way of defenses and a counterclaim: a cause of action for intentional interference with contractual or business relations against Gary Gale, Gale Group, Inc., and Phillipson (a director of Gale Group, Inc.), third party defendants; breach of contract by Sebor of the 1990 agreement; tor-tious interference by Gale, Phillipson, Gale Group, Inc., and Sebor; civil conspiracy to commit tortious interference; and declaratory relief that the September 1990 agreement was breached by Sebor. These causes of action were set for trial in 1994 and 1995, with mediation having been attempted in 1995. The ease was removed from the trial docket with all parties concurring because the main claim and amended counterclaim were not both at issue.
Sebor claims to be the owner of the technology and has licensed it to other parties, including Kreepy Krawly, U.S.A., Inc. Rief disputes Sebor’s ownership of the technology, asserting its own ownership interest pursuant to the 1990 agreement. Rief licensed the technology to Sta-Rite Industries.
In April of 1996, Sebor and Kreepy Krawly filed a federal lawsuit against Sta-Rite, alleging that Sta-Rite’s manufacture and sale of a pool cleaning device known as the “Great White” improperly utilized Sebor’s original invention developed with Rief, and also later inventions of Sebor’s, which are subject to federal patents held by Sebor. Sta-Rite, and Rief who intervened in the federal suit, counterclaimed that the device being marketed by Kreepy Krawly, known as SwimVac, infringes on one federal patent held by Rief. The counterclaim also contained the same allegations raised in the state case counterclaim (tortious interference with contract, breach of contract and conspiracy).
On September 5, 1997, the state court granted Rief s motion to stay the state suit pending resolution of the federal ease. The court found that fairness and judicial economy would be furthered by the stay. It noted that the state suit was not at issue, although it had been pending for over five years. In contrast, substantial progress had been made in the federal case, including the filing of answers, discovery, a three-day evidentiary hearing, issuance of a preliminary injunction and an appeal to the federal appellate court. The state court also found it lacked subject matter jurisdiction over the patent law infringement claims, and thus it could not resolve all of the matters in dispute. It also found that the factual issues concerning patent rights and the state contract and tort claims were inextricably intertwined and thus should be resolved in the same forum to avoid inconsistent results.
The issue in this proceeding is whether Sunshine State deprives the state court of its discretion to stay the earlier filed state cause of action under these circumstances. In Sunshine, we held the trial court departed from the essential requirements of law by staying an earlier filed state case, pending resolution of a later-filed federal case. The state suit was filed first in this case.
We also said in Sunshine that in a case involving federal pendent jurisdiction over state causes of action, such as tort and contract claims, there is no concurrent jurisdiction in any event. Thus, stay of the state suit would not be appropriate, even if were filed after the federal suit.
Finally, we said in Sunshine that even if there were concurrent jurisdiction between the federal and state courts, the state court should not have stayed the earlier filed suit because there was not complete identity of parties in both suits. In this case, there are different parties involved in both suits; the *54 licensees, Sta-Rite and Kreepy Krawly, appear only in the federal case.
In addition, there appears tó be no reason why the state tort and contract claims involved in the state suit could not proceed to resolution without resolving the federal patent infringement claims. The four patent infringement claims raised by Sebor in the federal suit are not involved in Riefs counterclaim for infringement of its patent. As to that patent, both Rief and Sebor rely on the construction and enforcement of the 1990 contract to determine their respective rights. This is not truly a cause of action for which the federal court has exclusive jurisdiction. Cf. Schachel v. Closet Concepts, 405 So.2d 487 (Fla. 3rd DCA 1981); Kaufman v. Hasbro, 897 F.Supp. 719 (S.D.N.Y.1995). The crux of the controversy in the state court suit is the interpretation of the 1990 agreement between Rief and Sebor; whether it was breached and by which party, whether it was or should be rescinded, and its meaning. These are state law questions which can be resolved independent from the patent infringement claims, although they may be relevant in the final resolution of the federal lawsuit. Accordingly, we quash the stay order rendered in this case.
Petition for Writ of Certiorari GRANTED.
COBB and GOSHORN, JJ., concur.