HAZOURI, J.
George R. Harper, III, et al. petition this court for a writ of certiorari to review an order of the Broward County circuit court denying their motion to lift the stay in consolidated state court fraud actions, pending disposition of Respondents’ subsequently filed actions in federal court. We agree with Petitioners that the circuit court departed from the essential requirements of law and, therefore, quash the stay.

FACTS

Petitioners are growers of ornamental plants, flowers and landscape materials. They previously sued E.I. DuPont de Nemours and Company (DuPont) in state court for damages arising from their use of DuPont’s fungicide, Benlate®. In 1994, Petitioners settled their product liability actions with DuPont, executing settlement agreements containing general releases, covenants not to sue and provisions requiring them to dismiss their underlying claims with prejudice.
In 1999, Petitioners filed the instant consolidated state court fraud actions against DuPont, Alston & Bird, LLP (a Georgia Law firm), Cabaniss & Burke, P.A. (a Florida law firm) and Nicholas Albergo (a Florida resident who testified as an expert witness in the Benlate® litigation) (collectively, Respondents) in Florida circuit court, alleging Petitioners were fraudulently induced into settling their product liability actions. They allege that DuPont conspired with their former attorneys and the expert witness to defraud Petitioners by concealing and destroying evidence in the product liability actions.[1] Petitioners claim that had they known of this material evidence being concealed and destroyed, they would not have settled their product liability actions.
After Petitioners filed the instant state court fraud actions, DuPont filed several diversity lawsuits in the United States District Court, Southern District of Florida against most, but not all Petitioners. DuPont alleged Petitioners breached the settlement agreements executed in connection with the product liability actions by filing the state court fraud actions against DuPont. Those lawsuits have been consolidated along with other federal fraud cases (over thirty) previously filed against DuPont by other litigants, not including Petitioners, who also settled product liability actions against DuPont. These federal fraud cases include some of the same allegations made by Petitioners in the instant state court fraud actions. The consolidated federal cases are now before Judge Gold in federal district court.
On August 20, 1999, (after Petitioners filed their state court fraud actions and before Respondents answered these complaints) DuPont moved to stay the state court fraud actions pending the outcome of Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 166 F.3d 1162 (11th Cir.1999), and E.I. DuPont de Nemours and Co. v. Florida Evergreen Foliage, 744 A.2d 467 (Del.1999), similar fraudulent inducement actions filed against DuPont in federal district court by unrelated plaintiffs. The damage claims are predicated on violations of RICO statutes, common law fraud, conspiracy and spoliation of evidence.
As grounds for the stay, DuPont advised the court that it intended to seek dismissals of Petitioners’ state court fraud actions on the basis of releases in their settlement *508 agreements, that federal district court judges had already dismissed Mazzoni and Evergreen Foliage and their decisions had been certified to the Florida and Delaware supreme courts, and that DuPont would be entitled to an immediate dismissal of Petitioner’s state court fraud actions if DuPont prevailed in the Florida and Delaware Supreme Courts. Petitioners agreed the allegations in their state court fraud actions were similar to the allegations made in Mazzoni and Florida Evergreen. Subsequently, the parties stipulated to an “Agreed Order” which stayed the proceedings in the state court fraud actions pending decisions of the Florida Supreme Court in Mazzoni and the Delaware Supreme Court in Florida Evergreen.
Florida Evergreen was decided December 6, 1999, and the motion for rehearing denied on January 26, 2001. The Delaware Supreme Court held that, under Delaware law, “a party alleging fraud in the settlement of a tort claim may elect rescission and restoration to the status quo ante or, alternatively, may bring an action for the recovery of special, or expectancy, damages with retention of the settlement proceeds.” 744 A.2d at 465.
The certified questions in Mazzoni were: (1) Does a choice of law provision in a settlement agreement[2] control the disposition of a claim that the agreement was fraudulently procured even if there is no allegation that the choice of law provision itself was fraudulently procured? and (2) If Florida law applies, does the release in these settlement agreements bar plaintiffs fraudulent inducement claims? Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 761 So.2d 306, 307-08 (Fla.2000). On June 8, 2000, the Florida Supreme Court answered the first question in the affirmative, finding plaintiffs were bound by the choice-of-law provision because they elected to affirm the contract instead of seeking rescission. Id. at 313. The supreme court answered the second question in the negative, finding that Florida law does not bar the fraudulent inducement claims. Id. at 316.
In light of the Supreme Court of Florida’s opinion in Mazzoni, as well as the Supreme Court of Delaware’s opinion in Florida Evergreen, on August 22, 2000, the United States Court of Appeals, Eleventh Circuit, reversed the federal district court’s order dismissing the plaintiffs’ claims and remanded the case for further proceedings consistent with the Supreme Court of Florida’s opinion.
On September 21, 2000, Petitioners moved to lift the stay in the instant state court fraud actions. Following a hearing on October 23, 2000, the circuit court denied the motion to lift the stáy without prejudice. Apparently, the parties were awaiting a decision by Judge Gold on Du-pont’s motions for judgment on the pleadings in Florida Evergreen. On March 8, 2001, Judge Gold entered the order, granting judgment on the pleadings in favor of DuPont. Fla. Evergreen Foliage v. E.I. Du Pont de Nemours, Co., 135 F.Supp.2d 1271 (S.D.Fla.2001). Judge Gold stated therein:
The motions decided by this Order were filed in only one of 34 consolidated Ben-late settlement fraud cases that are currently pending before this court, but the implications are significant for all of the cases. Reasonable jurists could disagree with this Court’s interpretation of the Florida and Eleventh Circuit precedent regarding litigation conduct and *509 reasonable reliance, and there is also a substantial question regarding the applicability of this decision to the remaining Benlate settlement fraud cases. Moreover, this Court has considered conducting a common issues trial in these consolidated cases, and resolution by the Court of Appeals of the appeal of this order through an interlocutory appeal will substantially assist in settling the issues involved in such a trial.
Id. at 1297-98 (emphasis added). The Eleventh Circuit accepted the ruling for interlocutory review by order dated June 21, 2001.
On March 19, 2001, Petitioners filed a second motion to lift the stay in the instant state court fraud actions. The circuit court heai’d argument on the motion on March 27, 2001. Petitioners advanced a number of reasons for lifting the stay: (1) the decisions in Mazzoni and Florida Evergreen had issued; (2) in the federal court case, Petitioners are only defending claims that they are in breach of the settlement agreements; (3) Petitioners filed suit in state court first and have not filed suit in federal court; (4) Petitioners have not been able to prosecute their claims; and (5) Judge Gold entered the March 8, 2001 order they were waiting for.
The circuit court denied Petitioner’s motion to lift the stay without prejudice and denied their subsequent Motion for Reconsideration on April 11, 2001. The petition for certiorari followed.

ANALYSIS

It is well established that when a state and federal court have concurrent jurisdiction in a case involving the same parties and the same subject matter, a subsequently filed state court action should be stayed until final disposition of the previously filed federal action. See Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927); Schwartz v. DeLoach, 453 So.2d 454 (Fla. 2d DCA 1984).
This court has also recognized that a trial court has broad discretion to grant or deny an application to stay a case, pending disposition of a previously filed, similar federal case. See Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991) (within trial court’s discretion to grant stay in subsequently filed state action where the allegations in previously filed federal action are the same, notwithstanding a disparity in the parties to the two actions); see also REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 645 So.2d 1055, 1056-57 (Fla. 4th DCA 1994) (granting a stay despite the fact there was not a “complete identity of parties,” where there was a “common contract interpretation issue” that would be dispositive of both related actions and “it would not be in the interest of judicial economy to have more than one court make the same decision”); Edgar v. Cape Coral Med. Ctr., Inc., 712 So.2d 1209 (Fla. 2d DCA 1998) (affirming a stay of the state action in favor of the previously filed federal action, without requiring a complete identity of parties and noting “many of the issues in the state action would be made moot by a final determination of the federal action.”).
However, in this case, the continued stay is improper because Petitioners filed the state court fraud actions before Respondents filed their actions in federal court, and these actions do not involve the same parties or the same subject matter. See Sunshine State Serv. Corp. v. Dove Invs. of Hillsborough, 468 So.2d 281, (Fla. 5th DCA), rev. denied, 478 So.2d 53 (Fla.1985) (quashing a circuit court order staying a state court action pending disposition of respondent’s subsequently filed action in federal court.). See also Sebor v. Rief 706 So.2d 52 (Fla. 5th DCA 1998) (holding stay of first-filed state case was not warranted *510 pending resolution of a subsequently-filed related federal case involving federal and state claim).
In Sunshine State, the petitioner brought a mortgage foreclosure and quiet title action against the respondents in state court, which in turn counterclaimed with various tort actions. Respondents then sued petitioner in federal court alleging 18 U.S.C. § 1962 and 42 U.S.C. § 1983 claims and invoking the federal court’s pendent jurisdiction to reassert and incorporate their counterclaims alleged in the state court action. Respondents successfully moved the state court to stay the state court action pending disposition of their federal court action.
On appeal, the fifth district concluded that even though the federal court and state court did not have concurrent jurisdiction of the claims and counterclaims, it was a departure from the essential requirements of law to stay the state court proceedings and quashed the stay. The court’s conclusion was based on the following observations: (1) Although all plaintiffs in the state court action were defendants in the federal action, these plaintiffs sought relief against certain parties in the state proceeding who were not parties in the federal action; (2) The stay forced Petitioners to await the conclusion of the federal case before presenting to a judicial tribunal their dispute against the defendants who were not parties to the federal action; and (3) The state court action was initiated before the federal action (i.e., this was not a situation where comity warranted allowing the federal court to decide the case because it was presented there first).
This case is analogous to Sunshine State. As in Sunshine State, there is not complete identity between the parties in this case. Neither all of Petitioners nor all of Respondents are parties in the federal actions. Therefore, there are Petitioners who have been forced to await the conclusion of federal actions to which they are not parties, before they can prosecute their claims. Additionally, all Petitioners have been forced to await conclusion of the federal actions before they can prosecute their claims against Respondents who, although named as co-conspirators with DuPont, are not named parties in the federal actions. The length of the wait is questionable, as the stay is not time specific. Although Judge Gold has addressed certain claims in the federal actions, the authoritative impact of these rulings is questionable as they pertain to litigants who are not parties in the state court fraud actions. Judge Gold has yet to make any decisions with regards to the specific claims asserted by DuPont against Petitioners and it is unclear when he will do so. Thus far, the federal court fraud actions have proceeded on a piece-meal basis, and they too have been stayed for interlocutory appeals.
More importantly, as in Sunshine State, Petitioners filed the state court fraud actions before Respondents filed the federal action. Therefore, Petitioners have been prejudiced by the stay, as it has caused undue delay which has prevented them from prosecuting their actions in state court.
Respondents’ argument that Sunshine State is distinguishable because there were similar actions filed against DuPont in federal court before Petitioners filed their state court fraud actions is not persuasive. The fact that litigants, who are not parties in the instant state court fraud actions, filed fraud actions against DuPont in federal court, which are similar to the state court fraud actions filed by Petitioners, is irrelevant. Those litigants decided to bring their actions in federal court. However, Petitioners chose to have their actions decided in state court. By staying *511 the state court fraud actions, the circuit court is in effect allowing Respondents to choose the forum for resolution of the parties’ claims. Petitioners have a right to proceed in their chosen forum, state court, without undue delay. The circuit court ruling denying Petitioner’s motion to lift the stay departed from the essential requirements of law. Accordingly, we grant the petition for certiorari, quash the stay entered in the lower court and remand the case for further proceedings.
POLEN, C.J., and WARNER, J., concur.

. The complaints in these consolidated state court fraud actions allege an elaborate scheme by Respondents to prevent access to the harmful effects of the fungicide, including perjury, violating court orders, and mail and wire fraud.

. Some of the settlement agreements contained Delaware choice-of-law provisions, while others had no choice-of-law provisions.