Per Curiam.
Petitioner, Federal National Mortgage Association (“Fannie Mae”), seeks certio-rari review of an order granting respondent Stella Gallant’s (“Gallant”) post-judgment motion to intervene and stay the proceedings. We find that the trial court departed from the essential requirements of the law, resulting in material harm to Fannie Mae that cannot be remedied on appeal.
This case has a long and complicated history. In October 2011, CitiMortgage, Inc. brought a residential foreclosure action against respondent Mary Salenieks, respondent Century Harmony Lakes Estates Association (“the HOA”), and others. A notice of lis pendens was recorded immediately. During the pendency of Citi-Mortgage’s foreclosure action, the HOA commenced its own foreclosure action which, in November 2013, resulted in a foreclosure sale. Gallant purchased the property at that sale for $10,800. She then renovated the property and attempted to sell it for $350,000 but the sale fell through because the prospective buyer could not obtain title insurance.
In February 2014, CitiMortgage assigned the subject mortgage to Fannie Mae and Fannie Mae was substituted as party plaintiff in the case. The record reflects that shortly after assigning the mortgage, CitiMortgage inadvertently recorded a release of mortgage. The release was subsequently rescinded in May 2015. Prior to the release being rescinded, however, a consent final judgment was entered and Fannie Mae voluntarily dismissed the case. Fannie Mae later filed a Florida Rule of Civil Procedure 1.540 motion to set aside the voluntary dismissal. At this point, Gallant moved to intervene in the foreclosure action. On October 1, 2015, the trial court, after denying Gallant’s motion to intervene, also granted Fannie Mae’s motion and reinstated the final judgment.
Gallant subsequently filed a renewed motion to intervene, arguing that she should be allowed to intervene “in the interest of justice” because she had improved the property in reliance upon Citi-Mortgage’s release of the mortgage and Fannie Mae’s voluntary dismissal of the foreclosure action. The court granted the motion on October 29, 2015, and cancelled the upcoming foreclosure sale. Fannie Mae moved for reconsideration and the matter proceeded to a hearing. On the day of the scheduled hearing, Judge Lazarus, the assigned judge, was unavailable and Judge Stone heard argument instead. On February 11, 2016, Judge Stone granted Fannie Mae’s motion for reconsideration and vacated Judge Lazarus’s order granting Gallant’s renewed motion to intervene. Gallant did not appeal that order or move for rehearing.
In June 2016, Gallant filed yet another motion to intervene and a request to stay the proceedings. Therein, she argued that a stay of the foreclosure action was warranted pending the outcome of a quiet title action she had filed against Fannie Mae and CitiMortgage after the denial of her last motion to intervene. After hearing argument, but without reaching the merits of Gallant’s motion, Judge Lazarus concluded simply that Judge Stone did not have authority to vacate his previous order granting intervention. Judge Lazarus thereafter granted Gallant’s motion to intervene and stay the proceedings, and cancelled the upcoming foreclosure sale. Fannie Mae’s timely petition follows.
The trial court’s order granting Gallant’s motion to intervene and stay the *1058 proceedings is subject to certiorari review. See Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986) (Glickstein, J., concurring specially); Dep’t of Children & Families v. L.D., 840 So.2d 432, 434 (Fla. 5th DCA 2003). Fannie Mae must establish that the court departed from the essential requirements of the law, resulting in material harm that cannot be remedied on appeal. See Williams v. Oken, 62 So.3d 1129, 1132 (Fla. 2011).
We find that the trial court departed from the essential requirements of the law in a number of respects. First, Judge Stone did in fact have the authority to vacate Judge Lazarus’s previous order granting intervention. See Tingle v. Dade Cty. Bd. of Cty. Comm’rs, 245 So.2d 76, 78 (Fla. 1971) (holding that a successor judge has the authority, up until final judgment is entered, to “vacate or modify the [[Interlocutory rulings or orders of his predecessor in the case”); Duke v. Russell, 557 So.2d 587, 587 (Fla. 3d DCA 1990) (noting that an order granting intervention is a non-final order). The effect of Judge Stone’s February 11, 2016 order was to deny Gallant’s renewed motion to intervene. An order denying a motion to intervene is a final, appealable order. See J.R. v. R.M., 679 So.2d 64, 65 n.1 (Fla. 4th DCA 1996); Superior Fence & Rail of N. Fla. v. Lucas, 35 So.3d 104, 105 (Fla. 5th DCA 2010). Gallant did not appeal Judge Stone’s order or timely seek rehearing. Therefore, Judge Lazarus lacked authority to reconsider that final order on the same facts, absent the grounds set forth in Rule 1.540. See Tingle, 245 So.2d at 78; see also Quinones v. Se. Inv. Grp. Corp., 138 So.3d 549, 549-50 (Fla. 3d DCA 2014).
Second, although we do not need to reach the merits of Gallant’s repeated requests to intervene in this case, we find that the court departed from the essential requirements of the law by permitting her to do so. “ ‘[W]hen property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action.’” Bonafide Props. v. Wells Fargo Bank, N.A., 198 So.3d 694, 695 (Fla. 2d DCA 2016) (quoting Mkt. Tampa Invs., LLC v. Stobaugh, 177 So.3d 31, 32 n.1 (Fla. 2d DCA 2015)). See also De Sousa v. JP Morgan Chase, N.A., 170 So.3d 928, 929-30 (Fla. 4th DCA 2015). Furthermore, intervention after final judgment is generally disfavored. See De Sousa, 170 So.3d at 930; Sedra Family Ltd. P’ship v. 4750, LLC, 124 So.3d 935, 936 (Fla. 4th DCA 2012).
Gallant acknowledges these general rules, but argues that the “interests of justice” support intervention in this case. We disagree. The events that transpired after Gallant purchased the property, namely CitiMortgage’s release of the mortgage and Fannie Mae’s voluntary dismissal of the foreclosure action, do not change the fact that Gallant purchased the property with full notice of the pending foreclosure action. See U.S. Bank Nat’l Ass’n v. Bevans, 138 So.3d 1185, 1188-89 (Fla. 3d DCA 2014) (“A lis pendens serves as constructive notice of the claims asserted against the property in the pending litigation.” (internal quotation marks and citations omitted)). Gallant accordingly knew, or should have known, that she was taking title subject to the first mortgage. See id. Furthermore, Gallant’s allegations against Fannie Mae and CitiMortgage can be litigated in the quiet title action irrespective of the outcome of this case.
Third, we further conclude that the trial court departed from the essential requirements of the law by granting Gallant’s request to stay the foreclosure proceedings pending the outcome of the quiet title case. The two cases do not involve the same parties or the same subject matter, and Fannie Mae’s foreclosure case was *1059 filed well before Gallant’s quiet title action. See Harper v. E.I. Du Pont de Nemours & Co., 802 So.2d 505, 509-10 (Fla. 4th DCA 2001); Sunshine State Serv. Corp. v. Dove Invs. of Hillsborough, 468 So.2d 281, 284 (Fla. 5th DCA 1985).
In addition to departing from the essential requirements of the law, the trial court’s order causes material harm because Fannie Mae is being prevented from resolving this case, in which a consent final judgment was entered over two years ago. This harm cannot be remedied on appeal because the trial court’s order is not appealable and the time for appealing the final judgment has expired. We therefore grant the petition, quash the order, and remand for further proceedings consistent with this opinion.

Petition granted; order quashed; remanded.

Damoorgian, Gerber and Conner, JJ., concur.