ON REHEARING
THOMPSON, Judge.
Winicki, an attorney litigant proceeding pro se, filed a complaint in circuit court requesting that the five-year consecutive residency requirement of §§ 196.-031(3)(d), .031(3)(e), Fla.Stat. be declared violative of the United States Constitution. He alleged that the Florida court had jurisdiction in matters relating to property transactions, that his suit was a civil action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983 and that he was entitled to costs and attorney’s fees pursuant to 42 U.S.C. § 1988. The circuit court ruled that §§ 196.031(3)(d), .031(3)(e) violated the right to equal protection under the United States Constitution, and the defendants appealed to this court. This court affirmed the circuit court for the reason enunciated in and on the authority of Osterndorf v. Turner, 426 So.2d 539 (Fla.1982). In Ost-erndorf the Supreme Court found,' based solely on the equal protection clause of the Florida Constitution, that the durational residency requirement of §§ 196.-031(3)(d), .031(3)(e) was unconstitutional. The lower court denied Winicki’s motion for attorney fees, citing Cofield v. City of Atlanta, 648 F.2d 986 (5th Cir.1981), and Winicki appealed this denial. The denial of attorney fees was per curiam affirmed without written opinion by this court. Winicki seeks rehearing, which for the reasons below we deny.
Winicki contends that the sole issue in this case is whether 42 U.S.C. § 1988 provides for an award of attorney fees to a prevailing party who is a licensed attorney representing himself. Winicki argues that it is clear from Cazalas v. United States Department of Justice, 709 F.2d 1051 (5th Cir.1983) that Co field did not prohibit the award of attorney fees to a licensed attorney representing himself but expressly left this issue open. Although Cofield, which involved a non-attorney pro se litigant and left open the question of whether attorney fees should be awarded under the Civil Rights Attorney’s Fees Awards Act to an attorney litigant proceeding pro se, does not support the trial court’s denial of Winicki’s motion for attorney fees, we conclude the trial court properly denied the motion for attorney fees. See generally Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980).
Under 42 U.S.C. § 1988 the court, in its discretion, may allow the prevailing party a reasonable attorney’s fee. In cases such as Cazalas, dealing with entitlement to a fee award in Freedom of Information Act (5 U.S.C. § 552) cases, two of .the factors considered by the courts is whether the pro se attorney litigant has performed a service to the public generally or whether it is a personal benefit to the pro se litigant. Although this clearly was not a Freedom of Information Act case, it seems that the test of whether the pro se attorney litigant has performed a service which would benefit the public generally or whether he has merely performed a service which would benefit himself personally would be impor *695 tant in a case such as this case. Although Winicki modestly claims credit for having the courts declare the act unconstitutional, the fact remains that there were at least two other cases, both brought by attorney litigants, proceeding pro se, involving exactly the same question already before Florida appellate courts when Winicki filed his complaint. See Maguire v. Schultz, 426 So.2d 1303 (Fla. 2d DCA 1983); Osterndorf v. Turner, 411 So.2d 330 (Fla. 5th DCA 1982). Additionally, Osterndorf was on certiorari to the Supreme Court of Florida before the circuit court opinion in this case was obtained. It was obvious that Osterndorf would decide the precise constitutional question raised by Winicki long before a final decision could be reached in his ease. The only benefit that could possibly be derived from pursuing his case would be a personal benefit to protect his own interest. Accordingly, even if the question should be decided in accordance with federal cases interpreting federal law, the attorney’s fees were properly denied because of the lack of public benefit derived from Winicki’s actions. Otherwise, all of the attorneys in the state with standing could file suits pro se to declare a state law unconstitutional and, if one is successful, all could collect substantial fees.
In addition, the plaintiff elected to file this action in the state court alleging violation of the federal law and federal constitution. The correctness of the lower court’s finding that §§ 196.031(3)(d), .031(3)(e) was unconstitutional was expressly upheld by this court on the basis of Osterndorf, which was based solely on the Florida Constitution, not on the United States Constitution or -42 U.S.C. § 1983. Under these circumstances, Florida law, not federal law should apply and there is no basis for the award of an attorney’s fee under Florida law in this case.
Winicki made it clear in his motion for attorney’s fees that he was exposing his federal statutory right to attorney’s fees to. the circuit court only because of the possible application of 28 U.S.C. § 1341, or the doctrines of abstention and that he intended, should the state court hold against him, to return to the federal district court for disposition of his federal claims. If he has a claim for attorney’s fees in federal court, which it does not appear he would even under federal law, then he is free to pursue it.
Rehearing denied.
WIGGINTON, J., concurs.
ERVIN, C.J., dissents.