ERVIN, Judge.
Page and Carroll appeal from a jury verdict in favor of the Franklin County School Board (School Board). We reverse and remand for a new trial.
Page and Carroll, employees of the School Board, filed a civil rights action,[1] alleging an impermissible motive in the School Board’s decision to abolish their positions. Page had served as the Director of Business Services, and Carroll as the Director of Maintenance and Custodial Services. The School Board voted three to one in favor of abolishing the positions, with one member absent. Appellants contend that the majority of the School Board members’ action violated their constitutional right of freedom of association with the then Superintendent of Schools, Robert Da-ria. The School Board replies that appellants’ positions were abolished for purely financial reasons in view of the district’s enormous financial deficit. At trial, the court, over objection, gave the jury the following instruction:
If the Plaintiffs’ association with Superintendent Daria was a substantial factor or a motivating factor in the Board’s decision to abolish the positions, then they have met the initial burden of establishing liability against the Board.
To find for the Plaintiffs on this issue, you must find that each member of the School Board voting for abolishment had an impermissible motive.
*45 (emphasis supplied) Consistent with the above instruction, the court gave the jury the following verdict form:
1. Was the Plaintiff[’s] ... association with Superintendent Daria a substantial or motivating factor in the decision of each of the Board members voting in the majority to abolish his position ... ?
(emphasis supplied) We find the above instruction and the verdict form erroneous and inconsistent with established law, requiring reversal of the judgment.
The United States Supreme Court in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) outlined a shifting standard of proof once a governmental employee alleges that he was terminated, or his position abolished in violation of his exercise of protected First Amendment rights.[2] First, the burden is upon plaintiffs to prove that their conduct is constitutionally protected and that this conduct was a substantial or motivating factor in the defendant’s decision to abolish the positions. 429 U.S. at 287, 97 S.Ct. at 576. Once plaintiffs satisfy this burden, the burden shifts to the defendant to prove “by a preponderance of the evidence that it would have reached the same decision ... even in the absence of the protected conduct.” Id.
In charging the jury, the trial judge required that before the jury could find for the plaintiffs, it must find that each member of the School Board voting for the abolishment of the two positions had an impermissible motive. In Mt. Healthy, the United States Supreme Court requires only that the protected conduct be a substantial or motivating factor in the School Board’s collective decision. The jury instruction and verdict form at issue impose upon appellants an additional burden, neither recognized nor required by Mt. Healthy, to prove that each of the three members voting in the majority had an impermissible motive. This is error. The instruction and verdict form obviously should have omitted the words “each member of” or “each of”.
We interpret Mt. Healthy to impose a burden on appellants to prove that the three members of the Board, voting in the majority as a collective body, considered appellants’ protected conduct to be a substantial or motivating factor in its decision to abolish the two positions. Florida law is consistent in treating the School Board as a separate legal entity. See Section 230.-22(4), Florida Statutes.
We conclude that the erroneous jury instruction is prejudicial and mandates reversal of this case. We have examined the remaining points on appeal and find them without merit.
Reversed and remanded for further proceedings.
JO ANOS and BARFIELD, JJ., concur.

. Appellants alleged a violation of the Federal Civil Rights Act, 42 U.S.C. § 1983. The state courts possess concurrent jurisdiction with the federal courts to entertain civil rights actions. Martinez v. California, 444 U.S. 277, 283, n.7, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980).

. We have previously applied this standard involving an allegation of an unfair labor practice grounded upon an asserted violation of protected activity. See Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108, 117 (Fla. 1st DCA 1977).