WENTWORTH, Judge.
Appellant seeks review of an order awarding damages and an attorney’s fee in appellees’ 42 U.S.C. section 1983 action for the wrongful termination of appellees’ employment in violation of their constitutional rights. We find that no error has been shown as to the award of damages, but that the court utilized an improper standard in computing the amount of the attorney’s fee. We therefore affirm the order appealed as to the damages award, but reverse as to the attorney’s fee.
Appellees were employed by appellant under annual contracts. When their contracts were not renewed and their positions abolished appellees filed an action pursuant to 42 U.S.C. section 1983, alleging the violation of constitutional rights including the right to freedom of association. The complaint was predicated on appellees’ contention that some of appellant’s individual members had developed animosity toward the school superintendent, and that appel-lees were not reemployed due to their close association with the superintendent. A trial was held and the jury returned a verdict for appellant. On appeal the case was reversed and remanded for a new trial because the jury had not been properly instructed. See Page v. Franklin County School Board, 481 So.2d 43 (Fla. 1st DCA 1985). The case was retried and the jury then returned a verdict for appellees.
Appellant contends that appellees were not entitled to relief under 42 U.S.C. section 1983 because their contracts provided that they could be denied reemployment without cause. But in the circumstances of this case a property interest in continued employment is not essential, as 42 U.S.C. section 1983 may be invoked upon conduct which infringes other constitutionally protected interests. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed. 2d 570 (1972); see also, Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). There is sufficient evidence to support the jury’s finding that appellees’ association with the school superintendent was a substantial or motivating factor in appellant’s decision to abolish their positions, and that this action would not have been taken in the absence of such association. Appellees were properly awarded damages under 42 U.S.C. section 1983 for this violation of their constitutional right of association.
The court awarded appellees’ counsel an attorney’s fee pursuant to 42 U.S.C. section 1988. The amount of the fee was determined in accordance with the computational methodology approved in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). A lodestar amount was established based on hours and rate, and then enhanced by a contingency multiplier. The parties are in agreement that the court should not have relied upon Rowe, as the fee should be awarded in accordance with the federal, rather than state, standard. See e.g., Ferdinand v. City of Fairbanks, 599 P.2d 122 (Alaska 1979); compare Winicki v. Mallard, 441 So.2d 693 (Fla. 1st DCA 1983), cert. denied *893 465 U.S. 1027, 104 S.Ct. 1286, 79 L.Ed.2d 689 (1984).
A contingency enhancement ordinarily may not be applied under the federal standard for determining the amount of a section 1988 type attorney’s fee. See Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). Although the concurring opinion in Delaware Valley suggests that enhancement may apply to a limited class of exceptional cases, it indicates that such enhancement is appropriate only when necessary to secure competent counsel. See also Student Public Interest Research Group of New Jersey v. AT & T Bell Laboratories, 842 F.2d 1436 (3d Cir.1988); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir.1988). This approach is significantly different from the routine contingency enhancement adopted in Rowe and applied in the present case.
While we conclude that the court applied an improper standard in this case, we neither approve nor disapprove of the resulting fee amount. Under the Delaware Valley approach the circumstance of a contingency risk will usually be reflected in the lodestar amount through the hourly rate. On remand the court may consider this with the various other factors of the case in establishing the proper compensation for appellees’ attorney. But the court must utilize the standard approved in Delaware Valley, rather than Rowe, in determining the amount of the attorney’s fee.
The order appealed is affirmed as to the award of damages. The order is reversed as to the attorney’s fee award, and the cause remanded.
THOMPSON and WIGGINTON, JJ„ concur.